UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **G&K SERVICES, INC.** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER  05-2614** |
| **CROWN ROOFING SERVICES, INC.** | * | **SECTION "L" (4)** |

### ORDER AND REASONS

Pending before the Court is the Plaintiff's Motion for Partial Reconsideration (Rec. Doc. 18).  For the following reasons, the motion is DENIED.

**I.     BACKGROUND**

On April 6, 2006, the Court granted in part and denied in part the Plaintiff's Motion for Summary Judgment.  On April 21, 2006, the Plaintiff filed the current motion seeking a partial reconsideration of the Court's April 6th Order and Reasons.  Rather than reiterate the underlying facts relevant to this motion, which are contained in the Court's April 6th Order and Reasons, the Court will proceed to the merits of the motion.

**II.     PRESENT MOTION**

In its present motion, the Plaintiff set forth three specific issues that the Court should reconsider.  First, the Plaintiff contends that the Court should set the value of all unreturned uniforms and order the Defendant to pay such costs.  Second, the Plaintiff asserts that it is entitled to attorneys' fees and costs regardless of the reason why the Defendant prematurely terminated the contract.  Third, the Plaintiff claims that it is entitled to liquidated damages because the Defendant breached the contract for a reason not set forth in the Guarantee clause of the contract.

In opposition, the Defendant contends that the Plaintiff has not accurately determined the costs of the unreturned uniforms, that the Plaintiff is not entitled to attorneys' fees or costs, and that the Plaintiff is not entitled to liquidated damages.

## III.  LAW AND ANALYSIS

### A.  Value of the Unreturned Uniforms

In the Court's April 6th Order and Reasons, the Court determined that the Defendant prematurely terminated the parties' contract and was obligated to return all of the Plaintiff's uniforms or pay the appropriate replacement fees.  The Court, however, did not determine the exact amount that was owed in replacement fees.

In its original Motion for Summary Judgment, the Plaintiff attached an affidavit of Kenneth Wade Sessions, the Plaintiff's branch manager.  In his affidavit, Mr. Sessions testified that the outstanding accounts receivable and unreturned merchandise balance due to the Plaintiff was $7,734.36.

In response, the Defendant submitted an affidavit of Ray Palmer, the Defendant's president.  In his affidavit, Mr. Palmer testified that the Defendant had paid all outstanding invoices and that the Defendant had returned all of the Plaintiff's merchandise and equipment in its possession.

In the current motion, the Plaintiff contends that the Defendant did not rebut the amount specified in Mr. Sessions' affidavit because the Defendant failed to account for unreturned merchandise and equipment in the possession of third-parties.  Based on the Defendant's failure to account for this unreturned merchandise, the Plaintiff claims that the Court must set the value of the unreturned uniforms at $7,734.36.  The Court disagrees.

In his affidavit, Mr. Sessions grouped the amount due for the outstanding accounts receivable and the unreturned merchandise together. Therefore, it is uncertain what percentage of the $7,734.26 is attributable to the outstanding accounts receivable and what percentage is attributable to the unreturned merchandise. Mr. Palmer, however, did deny that there were any outstanding accounts receivable. Accordingly, even assuming that Mr. Palmer had admitted that there was unreturned merchandise in the possession of third-parties, the Court still would not be able to place a specific monetary value on the unreturned uniforms because the Plaintiff failed to clarify what portion of the $7,734.26 was attributable to the unreturned uniforms.

Furthermore, there is a factual issue as to the unreturned uniforms. Based solely upon the evidence submitted thus far, it is unknown if the Defendant failed to return or pay for any uniforms, how many uniforms were unreturned, and the costs resulting therefrom. Mr. Sessions states that the Defendant was liable to the Plaintiff for unreturned merchandise and equipment. Mr. Palmer states that the Defendant returned all the merchandise and equipment in its possession. Therefore, the Court cannot ascertain with any degree of certainty if there are any unreturned uniforms in the possession of third-parties. Therefore, drawing all inferences in the Defendant's favor, the Court must assume that there are not.

### B. Attorneys' Fees and Costs

In the Court's April 6th Order and Reasons, the Court held that it was presently inappropriate to grant summary judgment and, as such, denied the Plaintiff's motion to the extent that the Defendant would be liable for attorneys' fees and costs. The Cancellation Without Cause section of the contract provides:

> If the [Defendant] breaches or prematurely terminates this Agreement for any reason, except for reasons set forth in the Guarantee clause above, [Defendant] will pay

> [Plaintiff] . . . liquidated damages . . . . These damages will be in addition to all other amounts owed by [Defendant] to [Plaintiff] on the date of breach or wrongful termination, including any unreturned or damaged items resulting from the breach. [Defendant] agrees to pay [Plaintiff] all costs, including reasonable attorney's fees, incurred by [Plaintiff] to enforce [Defendant's] obligation under this Agreement.

In its April 6th Order and Reasons, the Court found that there was a genuine issue of material fact as to why the Defendant prematurely terminated the contract. Specifically, the Court could not determine whether the Defendant's premature termination was for a reason "set forth in the Guarantee clause above."

In its present motion, the Plaintiff argues that it is entitled to attorneys' fees and costs regardless of the reason why the Defendant prematurely terminated the contract. The Plaintiff takes the position that the last sentence of the Cancellation Without Cause section is not related or linked to the first sentence of the section. In particular, the Plaintiff argues that the "except for the reasons set forth in the Guarantee clause above" language only applies to the recovery of liquidated damages, not attorneys' fees or costs.

The Court finds that relationship between the first and last sentences of the Cancellation Without Cause section is ambiguous. Taken by itself, the last sentence supports the Plaintiff's position. When viewed in the context of the preceding two sentences and considering that the sentence is contained within the Cancellation Without Cause section, however, the last sentence supports the Defendant's position. Therefore, considering that the Court finds that the last sentence is ambiguous, it must be construed against its drafter—the Plaintiff—and in favor of the Defendant. La. Civ. Code art. 2056.

Additionally, the Plaintiff contends that the Defendant's failure to return its uniforms or pay for unreturned uniforms upon termination of the contract is a separate, independent breach of

the contract, which entitles the Plaintiff to attorneys' fees and costs. This position may be correct; however, for the reasons addressed in the preceding section, there is insufficient evidence before the Court to determine if the Defendant failed to return any uniforms, pay for any unreturned uniforms, or if there are any unreturned uniforms in the possession of third-parties.

### C. Liquidated Damages

In the Court's April 6th Order and Reasons, the Court held that the Plaintiff was not entitled to summary judgment on the issue of liquidated damages because it was unclear as to why the Defendant prematurely terminated the contract. To be entitled to liquidated damages, the Defendant would have had to have breached or prematurely terminated the contract "for any reason, except for reasons set forth in the Guarantee clause above." The Court found that there was a genuine issue of material fact as to why the Defendant prematurely breached the contract and, as such, summary judgment was inappropriate on the issue of liquidated damages.

In the present motion, the Plaintiff contends that it is entitled to liquidated damages for two reasons. First, the Plaintiff argues that the Defendant breached the contract by failing to return or pay for all of the uniforms at the termination of the contract. Therefore, according to the Plaintiff, the Defendant's decision to terminate the contract based on the Plaintiff's alleged failure to provide quality services has no bearing on the Plaintiff's entitlement to liquidated damages. Second, the Plaintiff claims that the Court's previous interpretation of the contract nullifies the contract's notice provisions.

As to the first argument, this issue is the same as the Plaintiff's earlier argument that it is entitled to attorneys' fees and costs because the failure to return or pay for the uniforms is a

separate and independent breach distinct from the Plaintiff's alleged failure to render quality services.  Accordingly, the Court reaches the same result and finds that this issue is not presently appropriate for summary judgment based on insufficient evidence.

As to the second argument, the Court's interpretation does not render the notice provisions meaningless.  In its motion, the Plaintiff asserts that the Court's interpretation renders the notice provisions meaningless because a "party could circumvent the notice provision without paying liquidated damages as long as it can prove that on a single occasion, [the Plaintiff] failed to provide a guaranteed service."  The Plaintiff has misconstrued the Court's interpretation.  The Plaintiff's one time failure to provide a guaranteed service will only preclude an award of liquidated damages if the failure was the <u>cause</u> of the Defendant's premature termination.  In this case, there is a factual issue as to the cause of the premature termination.  If the Plaintiff's allegedly repeated failures to provide guaranteed services were not the <u>cause</u> of the premature termination, then the Plaintiff may be entitled to liquidated damages regardless of any failure to render quality services.

## IV.   CONCLUSION

For the foregoing reasons, the Plaintiff's Motion for Partial Reconsideration is DENIED.

New Orleans, Louisiana, this   22th   day of   May  , 2006.

_____
UNITED STATES DISTRICT JUDGE